# Exhibit A



# Illinois Department of Insurance

PAT QUINN  
Governor

ANDREW BORON  
Director

March 26, 2014

International Fidelity Insurance Company  
One Newark Center  
Newark, NJ 07102-5207

    Re:    Case #2014L3256

Gentlemen:

Enclosed please find copy of Summons and Complaint for Breach of Contract received by me as your agent for service of process on March 21, 2014, in my Chicago office in the case of James McHugh Construction Co. vs. your company, et al.

                      Sincerely,

                      Andrew Boron  
                      Director of Insurance

AB:MS:alt  
Enclosure

CERTIFIED MAIL  
RETURN RECEIPT REQUESTED

P55158  
RECEIVED  
APR - 1 2014 Kyle  
Home Office Claims Department

320 West Washington St.  
Springfield, Illinois 62767-0001  
(217) 782-4515  
http://insurance.Illinois.gov

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2014L003256
CALENDAR/ROOM 7
TIME 00:00
Breach of Contract

JAMES MCHUGH CONSTRUCTION CO., an Illinois Corporation

(Name all parties)

v.

INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation

International Fidelity Insurance Company
One Newark Center
Newark, NJ 07102-5207

RECEIVED
STATE OF ILLINOIS
MAR 31 2014
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

⊙ SUMMONS  ◯ ALIAS SUMMONS

International Fidelity Insurance Company

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 48347
Name: Franco & Moroney, LLC
Atty. for: Plaintiff
Address: 500 West Madison St. Suite 500
City/State/Zip: Chicago, IL 60661
Telephone: 312-469-1000

WITNESS, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
MAR 20 2014
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JAMES McHUGH CONSTRUCTION CO., an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. |
| INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR BREACH OF CONTRACT

NOW COMES the Plaintiff, James McHugh Construction Co., by and through its attorneys, FRANCO & MORONEY, LLC, and for its Complaint against International Fidelity Insurance Company, states as follows:

### The Parties

1.  James McHugh Construction Co. (hereinafter, "McHugh") is a corporation organized under the laws of Illinois, and has its principal place of business in the City of Chicago, County of Cook, and State of Illinois.

2.  Upon information and belief, International Fidelity Insurance Company (hereinafter, "IFIC") is a corporation organized under the laws of New Jersey, and has its principal place of business in City of Newark and State of New Jersey. IFIC is an admitted insurer in Illinois and has a claims office in Naperville, DuPage County, Illinois.

## Venue and Jurisdiction

3. This Court has jurisdiction over IFIC, as it is presently doing business in and is domiciled in Cook County, Illinois.

4. Venue is proper in this Court as the underlying occurrences arose in Cook County, Illinois.

## The Dispute

5. McHugh was the general contractor on a construction project located at 600 N. Lake Shore Drive in the City of Chicago, County of Cook, and State of Illinois (the "Project"). The Project involved the construction of two condominium towers, the North Tower and the South Tower

6. As part of its work, McHugh subcontracted part of the work on the Project to Builders Architectural Products, Inc., a former Illinois Corporation ("BAP") (the relevant subcontract is attached hereto as Exhibit "A") ("BAP Subcontract"). On March 2, 2011, BAP filed for bankruptcy protection (Docket No. 11-08573, U.S. Bankruptcy Court, Northern Dist. of Illinois), and BAP was involuntarily dissolved as an Illinois corporation on July 8, 2011.

7. The BAP Subcontract called for BAP to install windows and doors and related elements on the Project.

8. IFIC issued two performance bonds with respect to BAP's work on the Project, No. ILIFSU0312620 00, applicable to the North Tower, in the principal amount of $6,338,802.00, and No. ILIFSU0312631 00, applicable to the South Tower, in the principal amount of $5,884,198.00. Both bonds name BAP as the bond principal and

2

McHugh as the obligee (the relevant bonds are attached hereto as Exhibits "B" and "C", respectively) ("Bonds")

9. Throughout the course of the Project, the work of BAP was accompanied by delays and faulty workmanship, which required corrective action by BAP. Through 2008, 2009 and the beginning of 2010, McHugh notified BAP of various items needing correction on the Project, and BAP responded to those notifications by correcting that work. That corrective work is not the subject of this litigation, as it was properly performed.

10. Beginning in April 2010, the Owner's representative on the Project, Curtainwall Design Consulting, Inc. ("CDC"), advised McHugh about certain defects in BAP's workmanship, which included excessive unsealed gaps at the splice of the head receptor drive-ons at the spandrel conditions in the front of certain columns, and incomplete bulb gaskets at both the head and jamb receptor drive-ons, improper installation of the drive on closure at the window heads on the interior of the units including failure to drive the closures to the end of the receptor, failure to seal butt joints in the closures, and in some cases failure to fully engage the drive on with the receptor.

11. In April and May 2010, CDC advised McHugh about other defects in BAP's work at the Project, including ceiling cracks, paint damage and staining from unknown sources in certain units, sealant which may have been applied by the owner of another unit, a balcony door lacking a sealant joint in another unit, and missing metal caps around window mullions in other units which allowed air to penetrate the units.

3

12. On May 6, 2010, BAP's Executive Vice President, Mark Meshulem, acknowledged to McHugh that the defects identified above, in paragraphs 10-11, were newly-discovered defects:

> "We have not heard of owner complaints related to these issues in the newly inspected units, whether those complaints are related to leaks or air infiltration or noise, as a result of those conditions. We have also not heard from Owner, CG, Architect, Unit Owners or Consultant during their multiple previous inspections of all the units as the units were prepared for sale"

13. In June 2010, CDC advised McHugh about other defects in BAP's work at the Project, relating to doors to exterior balconies and within the units themselves. These defects included doors being out of square, lacking compression at appropriate points and being fitted with non-functioning hardware. It was also discovered, in investigating wind whistling complaints from unit owners that window wall adjacent to the balcony doors had been installed slightly out of plumb, which prevented the terrace doors from fully engaging the weather stripping at the doorframe, and contributed to the "whistling" issue.

14. On July 1, 2010, McHugh notified IFIC of its dispute with BAP over the items identified above, and advised it that the proposed start date for the corrective work of August 15, 2010 offered by BAP was unacceptable to the buildings' owner. McHugh advised that if BAP were unable to correct its work, McHugh would do so and make a claim under the Bonds.

15. IFIC asked McHugh for additional details on the claim, which details McHugh provided on July 13, 2010.

4

16. Despite numerous promises to address the defects identified in April through June of 2010, BAP did not correct the identified defects, and McHugh was obligated to address them at its own costs.

17. McHugh advised IFIC of BAP's failure to correct the identified defects, and of McHugh's efforts to correct the work which should have been performed by BAP.

18. In April 2013, McHugh submitted a claim under the Bonds for the costs of correcting BAP's work, totaling $966,338.41, consisting of McHugh's own costs of $423,317.73, the costs of McHugh's subcontractor Softer Lite Window Company, $372,337.08, the costs of CDC's investigation, $189,343.08, and the building owners' costs of $128,980.00, less the amount due BAP under its Subcontract, $147,639.48.

19. IFIC again asked McHugh for additional details on the claim, which details McHugh provided on September 26, 2013.

20. On January 17, 2014, IFIC denied McHugh's claim. The basis for the denial was the passage of the four-year construction statute of limitations contained in 735 ILCS 5/13-214.

21. In its denial letter, IFIC addressed the history of problems with BAP on the job between 2007 and 2009, and stated that the four-year statute of limitations barred McHugh's claim against BAP, and therefore IFIC because McHugh "knew or should have known of the alleged systematic defective window installation" during that period.

22. The basis for IFIC's denial is incorrect because the problems first discovered by CDC in April through June of 2010 were different than the problems noted earlier and corrected by BAP.

23. IFIC's denial of McHugh's claim is a material breach of the Bonds.

5

## COUNT I

### Breach of Contract

24. McHugh restates and realleges Paragraphs 1 through 23 as though the same were fully set forth herein.

22. The Bonds stand as a contract between IFIC and McHugh, for the benefit of McHugh.

25. McHugh satisfied all conditions precedent under the Bonds, and was not and is not in breach thereof.

26. Under the Bonds, IFIC has the obligation to indemnify McHugh with regard to the costs and fees incurred by or imposed upon it in connection with remedying any and all defaults of its bond principal, BAP.

27. The findings of CDC in April through June of 2010 show that BAP had failed to perform the work required of it under the Subcontract to satisfactory standards, requiring further corrective work, which BAP never performed, and thereafter filed for bankruptcy protection and was dissolved.

28. McHugh has demanded that IFIC indemnify it in respect of costs and fees it has incurred and/or which other parties to the Subcontract have incurred as a result of the defaults of its bond principal, which IFIC has refused to do.

29. IFIC is in material breach of the Bonds.

WHEREFORE, the Plaintiff, James McHugh Construction Co. prays this Honorable Court to enter judgment in its favor and against International Fidelity Insurance Company in the amount of $966,338.41, plus costs, pre-judgment interest and attorneys fees.

6

JAMES MCHUGH CONSTRUCTION CO.

Dated: March 20, 2014

By: *Robert J. Franco*
One of Its Attorneys

Robert J. Franco
Franco & Moroney, LLC
500 W. Madison St.
Suite 2440
Chicago, Illinois 60661
312/466-1000
Attorney No. 48347

