# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES McHUGH CONSTRUCTION CO., | |
| Plaintiff, | Case No. 14-cv-02399 |
| v. | Judge John Robert Blakey |
| INTERNATIONAL FIDELITY INSURANCE CO., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This case concerns a single claim for breach of contract asserted by Plaintiff James McHugh Construction Company against Defendant International Fidelity Insurance Company. [1-1]. At the settlement conference held on November 3, 2017, the parties agreed to a bench trial on the issue of IFIC's statute of limitations defense, and requested a ruling addressing whether McHugh may recover attorney fees arising from this action as part of any potential damages. [170, 172]. That issue has now been fully briefed. [177, 178, 181, 182]. This Court finds that the terms of the performance bond and subcontract upon which McHugh sues authorize the recovery of attorney fees incurred in this action.

This Court incorporates by reference its opinion denying the parties' previous motions for summary judgment [81, 164], as well as the findings of fact issuing from the bench trial. No additional findings of fact are necessary for the resolution of

this purely legal question of contract construction, but the Court provides the attorney fee provisions of the subcontract and performance bond at issue.[1]

Article 23 of the subcontract between McHugh and Builders Architectural Products (BAP) provides in relevant part:

> Any dispute between Subcontractor and Contractor shall, at Contractor's sole option, be decided (1) by arbitration . . . or (2) by litigation in any appropriate court located in Chicago, Illinois. . . . In the event of any dispute, whether decided by arbitration or litigation, the prevailing party shall be entitled to recover its reasonable attorney's fees and other costs from the non-prevailing party. In any dispute for monetary damages, the party seeking the monetary damages shall be deemed the non-prevailing party unless it recovers 75% or more of the original amount sought.

[61-9] at 11.

The performance bond issued by IFIC, naming BAP as the principal and McHugh as obligee, states in relevant part:

> [If] the above bounded Principal shall well and truly perform all of the undertakings, covenants, terms, conditions, and agreements of said Subcontract . . . and during the life of any guaranty required under said Subcontract, and shall also well and truly perform all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of said Subcontract that may hereafter be made, and shall indemnify and save harmless said Obligee of and from any and all loss, damage, and expense, including costs and attorney's fees, which the said Obligee may sustain by reason of and failure to do so, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

[61-10] at 3.

---

[1] IFIC issued two bonds on the construction project giving rise to this case, one for each condominium tower. The bonds, however, contain identical language. *Compare* [61-10] *with* [61-11]. This Court therefore addresses its analysis to one of the bonds for simplicity.

The question before this Court is whether McHugh may recover attorney fees incurred in this litigation as part of its potential damages. *See* [177, 178, 181, 182]. The disagreement stems largely from the differing provisions in BAP's subcontract and IFIC's performance bond. McHugh argues that the broad language of the bond entitles it to recover attorney fees, [177] at 1, 8, while IFIC argues that neither document entitles McHugh to attorney fees arising from this suit, [178] at 2, 5–6.

In Illinois, performance bonds are contracts subject to principles of contract interpretation. *Solai & Cameron, Inc. v. Plainfield Cmty. Consol. Sch. Dist. No. 22*, 871 N.E.2d 944, 953 (Ill. App. Ct. 2007). Surety contracts are to be "strictly construed," and Illinois courts place great weight on the plain meaning of their text. *People ex rel. Ryan v. Envtl. Waste Res., Inc.*, 782 N.E.2d 291, 296 (Ill. App. Ct. 2002); *Solai & Cameron*, 871 N.E.2d at 953. A performance bond that—like the bonds at issue here—conditions the surety's obligation "on its principal's failure" to fulfill the terms of the underlying agreement incorporates that agreement by reference. *Fisher v. Fidelity & Deposit Co. of Md.*, 466 N.E.2d 332, 338 (Ill. App. Ct. 1984). When the bond "incorporates by reference the construction contract, the provisions of the contract are provisions of the bond." *Id*. Thus, both the performance bond and the underlying contract apply to the surety and this Court reads the two together.

When courts determine whether contracts authorize the recovery of attorney fees, the rule requiring strict construction becomes even more demanding. In Illinois, attorney fees are ordinarily not recoverable "absent a statute or a

contractual agreement" stating otherwise. *Kerns v. Engelke*, 390 N.E.2d 859, 865 (Ill. 1979). Illinois courts apply this standard exactingly, so that attorney fees must be "specifically authorized" by a contract. *State of Ill. Capital Dev. Bd. v. G.A. Rafel & Co.*, 493 N.E.2d 348, 354 (Ill. App. Ct. 1986). References to "costs" or "expenses" are not specific enough to permit recovery of attorney fees. *See Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc.*, 626 F. Supp. 159, 170 (N.D. Ill. 1985) (citing *Singleton v. County of Cook*, 369 N.E.2d 227, 229 (Ill. App. Ct. 1977) ("loss, damage, or expense" does not cover attorney fees); *Reese v. Chi., Burlington & Quincy R.R.*, 283 N.E.2d 517, 522 ("costs" does not cover attorney fees)).

Here, the performance bond issued by IFIC and the underlying subcontract both reference attorney fees expressly. [61-9] at 11; [61-10] at 3. They therefore do not run afoul of the rule barring recovery when contracts lack the phrase "attorney fees." *See Capital Dev. Bd.*, 493 N.E.2d at 354; *cf. Prudential Ins. Co.*, 626 F. Supp. at 170. Rather, this Court's task is to read the bond and the subcontract together to determine the extent of IFIC's liability for any of McHugh's attorney fees.

The performance bond provides that McHugh will be indemnified and held harmless "of and from any and all loss, damage, and expense, including costs and attorney's fees" that McHugh may sustain by reason of BAP's failure to perform its obligations under the subcontract. [61-10] at 3. In contrast to this sweeping provision, Article 23 of the subcontract between BAP and McHugh states:

> Any dispute between Subcontractor and Contractor shall, at Contractor's sole option, be decided (1) by arbitration . . . or (2) by litigation in any appropriate court located in Chicago, Illinois. . . . In the event of any dispute, whether decided by arbitration or litigation,

the prevailing party shall be entitled to recover its reasonable attorney's fees and other costs from the non-prevailing party. In any dispute for monetary damages, the party seeking the monetary damages shall be deemed the non-prevailing party unless it recovers 75% or more of the original amount sought.

The subcontract thus includes a fee-shifting provision that may bar McHugh from any recovery of attorney fees should it fail to win 75 percent of "the original amount sought" in any "dispute" to which Article 23 applies.

McHugh argues that the broad language of the bond prevails over that of the subcontract. [177] at 3–4. IFIC contends that because neither the bond nor the subcontract specifically authorizes recovery of attorney fees *in actions enforcing the bond*, McHugh cannot recover its attorney fees incurred in this case. [178] at 5. At a minimum, IFIC contends that its liability mirrors BAP's liability, and thus Article 23 applies and limits McHugh's ability to recover attorney fees. *Id.* at 2, 6. This Court disagrees with both parties.

Reading the bond and the subcontract together, *Fisher*, 466 N.E.2d at 338, and strictly construing their text, *People ex rel. Ryan*, 782 N.E.2d at 296, two things become clear. First, Article 23 applies only to disputes between "Subcontractor" and "Contractor"—BAP and McHugh. As the text makes clear, Article 23 governs disputes between the two parties to the subcontract, including by limiting liability for attorney fees and discouraging either party from asserting inflated claims. Strictly construed, its fee-shifting provision only applies to disputes between BAP and McHugh; it does not apply to McHugh's present suit against IFIC.

This conclusion is supported by consideration of the context in which Article 23 was drafted: though incorporated into IFIC's bond by reference, it was written as

part of BAP's subcontract with McHugh, seemingly for the sole protection of the parties to that subcontract. *See Capital Dev. Bd.*, 493 N.E.2d at 354 (construing the underlying contract incorporated into a payment bond in light of its drafting context). This conclusion also comports with the rule that attorney fee provisions only apply to the express circumstances covered by that provision. *See id.* (attorney fee provision only covered attorney fees incurred by creditors of the construction project developer and thus did not apply to action against surety); *Chapman v. Engel*, 865 N.E.2d 330, 333–34 (Ill. App. Ct. 2007) (attorney fee provision covering suits arising from "default" did not apply to dispute in which no default occurred). Thus, Article 23 would only authorize attorney fees related to—and only limit them in—actions between McHugh and BAP, as stated in that provision.

The bond, however, also specifically authorizes the recovery of attorney fees, and applies to IFIC along with—not instead of, or conditional upon—the terms of the subcontract. *See Capital Dev. Bd.*, 493 N.E.2d at 354; *Fisher*, 466 N.E.2d at 338. IFIC is, therefore, bound by the bond's broad language requiring BAP—or IFIC in its stead—to hold McHugh harmless from *any* expense, "including costs and attorney's fees," that McHugh sustains as a result of BAP's default on the subcontract. [61-10] at 3.

IFIC urges this Court to require that a bond specifically authorize recovery of attorney fees *in actions upon the bond* before such fees could be awarded against a surety. [178] at 5. No authority cited by IFIC supports this conclusion, however, nor does Illinois law require it. Illinois law requires that a contract "specifically

state that 'attorney fees' are recoverable," *Negro Nest LLC v. Mid-Northern Mgmt., Inc.*, 839 N.E.2d 1083, 1085 (Ill. App. Ct. 2005), which the bond does.  Illinois also requires that surety contracts be strictly construed.  *People ex rel. Ryan*, 782 N.E.2d at 296.  Here, strict construction produces a plain result consonant with the breadth of the bond's language: *any* attorney fees incurred by McHugh "by reason of" BAP's failure to fully perform its obligations are recoverable against BAP or IFIC in its stead.  [61-10] at 3.  The present case arose as a result of BAP's failure to perform its subcontract obligations; had BAP performed satisfactorily, neither McHugh nor IFIC would now be before this Court.

Accordingly, any subsequent calculation of damages may include attorney fees incurred by McHugh in the course of this litigation.

Dated:  January 2, 2018

ENTERED:

_____
John Robert Blakey
United States District Judge